UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARK C. WALTERS,

    Plaintiff,

v.                                    Case No. 8:16-cv-1321-T-23AEP

BANK OF AMERICA, N.A.,
LAW OFFICES OF HAYT, HAYT &
LANDAU, P.L., JASON S. DRAGUTSKY,
and EDWARD J. AIOSA,

    Defendants.

**DEFENDANT BANK OF AMERICA, N.A.'S**
**MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendant Bank of America, N.A. ("BANA") moves this Court to dismiss Plaintiff Clark C. Walters' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  In support, BANA states as follows:

**INTRODUCTION**

Plaintiff's Complaint concerns alleged wrongdoing relating to a state court collections action filed against him by BANA (the "Collections Action").  The Law Offices of Hayt, Hayt & Landau, P.L. represented BANA in the Collections Action.  Plaintiff lost that case but, rather than file an appeal in the Collections Action, Plaintiff sued BANA in this Court, along with the Law Offices of Hayt, Hayt & Landau, P.L. and its attorneys who appeared there (collectively, "Defendants").  In this case, Plaintiff claims the Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").  *See* D.E. 1.  Through his Complaint, Plaintiff is now seeking a *de facto* appeal of issues previously litigated in the Collections Action.

-1-

Plaintiff's federal lawsuit is now barred under the *Rooker-Feldman* doctrine and the absolute litigation privilege under Florida law.  Additionally, his FDCPA claim against BANA lacks merit because BANA is not a debt collector as defined under the FDCPA.  For these reasons and those described more fully below, the Complaint must be dismissed with prejudice.

## STATEMENT OF FACTUAL ALLEGATIONS

Plaintiff's Complaint alleges that "Defendant,"[1] in connection with collection of an alleged debt, via U.S. mail on January 13, 2015, falsely represented that Plaintiff owed an alleged credit card debt, because Plaintiff's alleged debt was actually for a line of credit and not a credit card.  *Id.*, ¶ 13.  Plaintiff alleges that Defendant's January 13, 2015 letter – stating that it would take legal action if payment was not made – falsely represented the character, amount, or legal status of Plaintiff's debt and further overshadowed and obscured the disclosures required by the FDCPA during the 30-day dispute period.  *Id.*, ¶ 14 & Ex. A.

Plaintiff alleges that on March 22, 2016, BANA served him with a lawsuit demanding payment for some unknown account and that on April 6, 2016, he filed a motion to dismiss and notice of dispute pursuant to the FDCPA.  *Id.*, ¶¶ 16-17 & Ex. B.  Plaintiff claims that he has no contractual obligation to pay Defendants and that BANA failed to attach the alleged member agreement or any evidence that he ever had an account with BANA.  *Id.*, ¶¶ 18-19.  Plaintiff alleges that on April 28, 2016, Defendant, through a mediation and pretrial conference, knowingly violated state and federal law by continuing to attempt to collect a disputed debt prior

---

[1] The Complaint impermissibly lumps together Defendants by referencing them as "Defendant." *See Synergy Real Estate of SW Florida, Inc. v. Premier Prop. Mgmt. of SW Florida, LLC*, No. 2:11-CV-707-FTM-29, 2013 WL 5596795, at *2 (M.D. Fla. Oct. 11, 2013 (holding "that indiscriminately lumping 'defendants' together fails to comply with Fed. R. Civ. P. 8 … [and] does not give each defendant 'fair notice' of the nature of the claims and the 'grounds' on which the claims rest") (citations omitted).  For purposes of this Motion, BANA assumes that Plaintiff intends to assert all of his claims against it.

to validation and verification, used false representation to collect or attempt to collect a debt, and asserted a right that it lacks – the right to enforce a debt. *Id.*, ¶¶ 20-22.

Based on these alleged actions, Plaintiff seeks judgment against Defendants, jointly and severally, for statutory damages of $1,000.00; actual damages for emotional distress in the amount of $5,000.00; punitive damages; injunctive and declaratory relief regarding future collection attempts; and all other relief to which he may be entitled pursuant to both the FCCPA and FDCPA. *Id.* at 8.

## MEMORANDUM OF LAW

I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted).

More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

## II. PLAINTIFF'S FDCPA CLAIM AGAINST BANA FAILS AS A MATTER OF LAW, BECAUSE BANA IS NOT A DEBT COLLECTOR AS DEFINED BY THE FDCPA.

The FDCPA covers the conduct of "debt collectors," a defined term under the statute. *See* 15 U.S.C. § 1692a(6). Recent and authoritative case law establish that BANA is not a debt collector, and, accordingly, Plaintiff's FDCPA claim must be dismissed.

"The term 'debt collector' is defined as, (1) 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [(2)] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *McFadden v. U.S. Bank N.A.*, No. 8:14-CV-2068-T-35MAP, 2015 WL 10352994, at *4 (M.D. Fla. Oct. 7, 2015) (quoting 15 U.S.C. § 1692a(6)). The Eleventh Circuit recently held that "under the plain language of the FDCPA, a bank (or any person or entity) does not qualify as a 'debt collector' where the bank does not regularly collect or attempt to collect on debts 'owed or due another' and where 'the collection of any debts' is not 'the principal purpose' of the bank's business." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1311 (11th Cir. 2015); *see also McFadden*, 2015 WL 10352994, at *5.

BANA is a creditor and not a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692(a)(4) ("The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed …"). Plaintiff's Complaint and the exhibits attached to it show that BANA was attempting to collect a debt owed to itself. *See generally* Compl. & Ex. A. Thus, BANA cannot properly fit into the statute's definition of a "debt collector" for the two reasons articulated in *Davidson*. First, BANA regularly collects debt owed to it and not owed to another as evidenced in Exhibit A to the Complaint. Second, Plaintiff does not allege in the Complaint –

nor could he – that the principal purpose of BANA's business is the collection of debts. Accordingly, Plaintiff's FDCPA claim against BANA fails as a matter of law and must be dismissed.

### III. PLAINTIFF'S FCCPA CLAIMS AGAINST BANA FAIL AS A MATTER OF LAW.

Count II of the Complaint alleges that Defendants violated Fla. Stat. § 559.72(9), which provides that no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows the right does not exist." As to BANA, Plaintiff's FCCPA claim fails as a matter of law because Plaintiff fails to allege facts to state a claim for relief under Fla. Stat. § 559.72(9) and because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and the absolute litigation privilege under Florida law. For these reasons, as articulated more fully below, Plaintiff's FCCPA claims must be dismissed.

#### A. Plaintiff Fails To Allege Facts Showing A Violation Of Section 559.72(9) Of The FCCPA.

To establish a violation of section 559.72(7) of the FCCPA, a plaintiff must show that (1) a legal right that did not exist was asserted and (2) the person had actual knowledge that the right did not exist. *Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367, 1372-73 (S.D. Fla. 2011). "The use of the word 'knows' requires actual knowledge of the impropriety or overreach of a claim." *In re Cooper*, 253 B.R. 286, 290 (Bankr. N.D. Fla. 2000).

Plaintiff does not – and cannot – allege any conduct by BANA that constitutes a violation of the FCCPA. Seeking repayment for a debt arising out of a legitimate contractual dispute will not give rise to a claim under section 559.72(9) of the FCCPA. *See Cole v. Lobello Painting, Inc.*, No. 8-06-CV-2171-JDW-MSS, 2007 WL 2330860, at *3-4 (M.D. Fla. Aug. 14, 2007)

("The FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action." (internal citations and quotations omitted)). As such, courts have repeatedly dismissed such claims where, as here, the underlying debt is legitimate. *See id.*; *Groves v. U.S. Bank*, No. 8:10-cv-2665, 2011 WL 219821, at *4-5 (M.D. Fla. June 6, 2011); *see also Locke v. Wells Fargo Home Mortg.*, No. 10-60286-Civ, 2010 WL 4941456, at *3 (S.D. Fla. Nov. 30, 2010);.

Although the Complaint alleges that Defendants falsely represented that Plaintiff owed an alleged credit card debt, Plaintiff admits that he owed a debt for a line of credit. *See* Compl., ¶ 13. Because Plaintiff admits the existence of his debt, he fails to demonstrate that BANA is knowingly seeking to enforce an illegitimate debt or asserting legal rights that do not exist in violation of section 559.72(9). As such, Plaintiff's FCCPA claim fails as a matter of law and must be dismissed.

### B. Plaintiff's Claims Against BANA Are Barred By The *Rooker-Feldman* Doctrine.

Under the *Rooker-Feldman* doctrine, "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *See Velardo v. Fremont Investment & Loan*, 298 F. App'x 890, 892 (11th Cir. 2008). The *Rooker-Feldman* doctrine prevents federal district courts from entertaining actions brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). When it is applicable, it prohibits the district court from exercising appellate jurisdiction over a final state-court judgment. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). *Rooker-Feldman* operates to stop parties seeking to have a

state-court judgment declared void on the basis of alleged errors or mistakes. Even "[i]f the state-court decision was wrong ... 'that [does] not make the judgment void, but merely [leaves] it open to reversal or modification in an appropriate and timely appellate proceeding.'" *Id.* (*quoting Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S. Ct. 149, 68 L. Ed. 362 (1923)).

The *Rooker-Feldman* doctrine applies "both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment." *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (internal quotations omitted); *Cormier v. Horkan*, 397 F. App'x 550, 552 (11th Cir. 2010) (per curiam) ("We must determine whether a plaintiff is a state-court loser who is complaining of injuries caused by state-court judgments [by] evaluating whether the plaintiff's claims are 'inextricably intertwined' with the state court judgment." (internal citations omitted)).

Here, the *Rooker-Feldman* doctrine bars Plaintiff's FCCPA claims, because the Collections Action resulted in a final judgment and this action now raises claims inextricably intertwined with the state court's judgment in the Collections Action. From a review of the online docket in the Collections Action, BANA obtained final summary judgment in the amount of $4,641.39 and $406.00 in costs on May 17, 2016. Plaintiff did not appeal that judgment, and his time for appeal has passed. Rather than file an appeal in the Collections Action, Plaintiff filed this federal court action against Defendants, who include the plaintiff, law firm, and attorneys all involved in the Collections Action. In this action, Plaintiff now brings claims "inextricably intertwined with the state court's judgment." *Casale*, 558 F.3d at 1260. As evidenced in Exhibit B attached to the Complaint, Plaintiff filed a Motion to Dismiss Complaint and Notice of Dispute in the Collections Action. The allegations in those filings echo the allegations now made in the Complaint regarding his FCCPA claims – that BANA failed to

attach a contract to the complaint in the Collections Action, that the contract does not reflect an agreement with BANA, and that Plaintiff demanded validation of the debt and failed to receive a complete accounting of the debt. *Compare, e.g.*, Compl., ¶¶ 18, 19, 23, 34 *with* Compl., Ex. B. A contrary result in this Court on Plaintiff's FCCPA claim would effectively reverse or void the state court's ruling in the Collections Action. Therefore under the *Rooker-Feldman* doctrine, Plaintiff's FCCPA claim must be dismissed.

### C. Plaintiff's FCCPA Claims Against BANA Are Barred By The Litigation Privilege.

Plaintiff's FCCPA claims are predicated on Defendants' conduct during the Collections Action, and therefore, those claims are barred by Florida's litigation privilege. The Supreme Court of Florida has held that "[a]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding." *See Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (internal citation omitted). Relying on Florida's litigation privilege, courts have dismissed claims by finding that the filing of a claim in a judicial proceeding cannot form the basis for a lawsuit. *Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. United States Fire Insurance Co.*, 639 So. 2d 606, 608 (Fla. 1994) (reasoning that "[j]ust as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct."); *Korman v. Gray*, 13-80031-CIV, 2013 WL 6002211 (S.D. Fla. Nov. 12, 2013) (stating that "Florida's litigation privilege provides Defendants with absolute immunity for acts occurring during the course of judicial proceedings").

This Court has previously applied Florida's litigation privilege in dismissing an FCCPA claim based upon allegations of the purported wrongful filing of a complaint. *See Mikesell v. FIA Card Servs., N.A.*, Case No. 2:12-cv-606-FtM-29DNF, 2013 WL 5781241, at *2 (M.D. Fla. Oct. 25, 2013); *see also Gaisser v. Portfolio Recovery Assocs., LLC,* 571 F. Supp. 2d 1273, 1280 (S.D. Fla. Aug. 5, 2008). In *Mikesell*, plaintiff claimed that defendant violated the FCCPA by filing a lawsuit to collect the disputed debt. The Court reasoned that "[b]ecause the filing of a lawsuit clearly relates to a judicial proceeding, it cannot serve as the basis for plaintiff's claims." *Miskesell*, 2013 WL 5781241, at *2. The Court dismissed plaintiff's FCCPA claims, holding that "plaintiff's claims, to the extent that they are based on the allegations that [defendant] filed a collection lawsuit, are barred by Florida's litigation privilege. *Id.*

For the same reasons in *Mikesell*, Plaintiff's FCCPA claims in this action must be dismissed. In the Complaint, Plaintiff alleges that Defendants violated the FCCPA by "fil[ing] a lawsuit against him anyway" and through conduct that occurred during the pre-trial conference of the Collections Action. *See, e.g.*, Compl., ¶¶ 34, 36. The filing of a complaint and acts that occurred during a pre-trial conference clearly are acts that relate to a judicial proceeding. Accordingly, Florida's litigation privilege precludes Plaintiff from asserting any claim arising out of Defendants' acts or omissions related to the Collections Action, and any such claim should be dismissed on this basis.

## CONCLUSION

For these reasons, Defendant Bank of America, N.A. respectfully requests that this Court grant its Motion to Dismiss and any such other and further relief as the Court deems proper.

-10-

Respectfully submitted,

*/s/ C. H. Houston III*
Sara F. Holladay-Tobias (FL Bar No. 0026225)
stobias@mcguirewoods.com
C. H. Houston III (FL Bar No. 100268)
hhouston@mcguirewoods.com
McGUIREWOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)

*Attorneys and Trial Counsel for Defendant Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on June 28, 2016.  I also certify that the foregoing document is being served this day on the following parties via U.S. Mail.

Clark C. Walters  
2370 Cameron Drive  
Dunedin, Florida 34698  
(727) 459-2230

                                    */s/ C. H. Houston III*  
                                          Attorney