UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARK C. WALTERS,

    Plaintiff,

v.

                                Case No.: 8:16-cv-1321-T-23AEP

BANK OF AMERICA, N.A.
LAW OFFICES OF HAYT, HAYT
& LANDAU, P.L.
EDWARD J. AIOSA, individually,
JASON S. DRAGUTSKY,
individually,

    Defendants.
_____/

**DEFENDANT, EDWARD J. AIOSA'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW**

COMES NOW, the Defendant, EDWARD J. AIOSA, by and through his undersigned counsel, hereby files its Motion to Dismiss Plaintiff's Complaint with Memorandum of Law, pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof states as follows:

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ .P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679

(2009). On the contrary, legal conclusions "must be supported by factual allegations." Id. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### Complaint Allegations

Plaintiff brings a lawsuit seeking statutory and actual damages under the federal Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practices Act ("FCCPA"). The action arises from the post-judgment collection actions allegedly taken by Defendant Edward Aiosa, on behalf of Defendant Hayt, Hayt & Landau, P.L., a law firm.[1]

Plaintiff's Complaint names four defendants but does not distinguish between them in his allegations, instead making general references to "Defendant" or "Defendants." Plaintiff alleges that on January 13, 2015, "Defendant" sent him a written communication via U.S. Mail concerning a debt alleged owed to Defendant Bank of America, N.A.. See Compl. at ¶ Exhibit A to the Complaint is a letter dated January 13, 2015 from Defendant Hayt, Hayt, & Landau, P.L. that does not name or otherwise identify Defendant Edward Aiosa. See Exhibit A to Compl. Plaintiff further alleges that this letter constituted a violation of section 1692e and 1692g of the FDCPA by "Defendant."

Plaintiff further alleges that "Defendant" thereafter wrongly initiated a lawsuit against him to collect the alleged debt to Defendant Bank of America, N.A. when it knew that he did

---

[1] At the time of filing this Motion, Defendants Hayt, Hayt & Landau, P.L. and Jason S. Dragutsky have not been served in this action.

not owe the debt.  In Count I, Plaintiff alleges that "all Defendants" violated section 1692e(2), 1692f(1), and 1692g(b) of the FDCPA.  In Count II, Plaintiff alleges that "Defendants" violated subsections (7) and (9) of the FCCPA by attempting to collect a debt that they knew or should have known was not legitimate because Defendant Bank of America, N.A. never produced the underlying signed contract or sufficient documentation to verify the debt, and

### MEMORANDUM OF LAW

It is clear from the face of the pleadings that all of the alleged actions by Defendant Aiosa were entirely limited to his role within the state court litigation and, as such, Plaintiff's claims are completely barred by the doctrine of litigation privilege, which immunizes actions taken during judicial proceedings from tort liability under statutory or common law.

The Florida Supreme Court first recognized the principle of litigation privilege in 1907 in Myers v. Hodges, 44 So. 357 (1907), which concerned a libel action based on allegations contained in a complaint.  The Court established a qualified litigation privilege that immunized the alleged defamatory statements upon a showing that they were relevant to the judicial proceeding. Id. at 361-2.

The Court subsequently extended the qualified litigation privilege to all torts so long as the underlying tortious act has some relation to the judicial proceeding.  It stated that "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding." Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. United States Fire Insurance Co., 639 So. 2d 606,

608 (Fla. 1994). The Court reasoned that the justification to immunize defamatory statements applies equally to "other misconduct occurring during the course of a judicial proceeding." Id. It pointed out that adequate remedies still exist for misconduct in a judicial proceeding through the disciplinary system of the state courts and bar association and, most notably, the trial court's contempt power. Id. at 608-09.

The Court did not limit its holding by distinguishing the nature of the action. Therefore, its determination that the litigation privilege applies to all torts extends to actions arising out of both common law and statute. See id. at 608 ("The rationale behind the immunity afforded to defamatory statements is equally applicable to *other misconduct* occurring during the course of a judicial proceeding." (emphasis added)). The policy reasons that the Court considered in adopting a rule immunizing actions taken in judicial proceedings focused on the *judicial* nature of the proceedings, not whether the alleged misconduct violates common law or statute. It is the perceived necessity for candid and unrestrained communications in judicial proceedings, free of the threat of legal actions predicated upon those communications, that is at the heart of the rule. "Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct." Id. The nature of the underlying dispute does not affect this rationale.

The Florida Supreme Court definitively resolved this issue in Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So.2d 380 (Fla. 2007), holding that "[t]he litigation privilege applies across the board to actions in Florida, both to common-law causes of action,

4

those initiated pursuant to a statute, or of some other origin. Id. at 384. The Court reiterated that "[a]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." Id.

The litigation immunity doctrine thus applies to an action under the FDCPA or the FCCPA based on actions taken during litigation to collect a debt. The Middle District of Florida has held a debt collector immune in this context, dismissing an action that alleged a lawsuit to collect a debt constituted a "harassing communication" under section 559.72(7), Florida Statutes. Pack v. Unifund CCR Partners, G.P., No. :07-cv-1562-T-27EAJ, 2008 WL 686800 (M.D. Fla. Mar. 13, 2008) (not reported). Recently, courts have consistently upheld the litigation privilege in FCCPA cases arising out of collection litigation. In Davidson v. Capital One, N.A., No. 14–20478–CIV, 2014 WL 3767677 (S.D. Fla. Jul. 31, 2014) (not reported), the court held that the filing and maintenance of a lawsuit is plainly protected by Florida's litigation privilege, regardless of the plaintiff's allegation that the underlying lawsuit was meritless and contained false allegations. In Perez v. Bureaus Inv. Grp. No. II, LLC, No. 1:09–CV–20784, 2009 WL 1973476, at *3 (S.D. Fla. Jul. 8, 2009), the court dismissed an FCCPA claim based on an underlying debt collection lawsuit that had been filed after the applicable statute of limitations had expired. See also Trent v. Mort. Elec. Registration Sys., Inc., Case No. 06-cv-374, 2007 WL 2120262, at *3 (M.D. Fla. Jul. 20, 2007) ("The Echevarria holding precludes communications attached to or made part of a foreclosure complaint from forming the basis of a FCCPA . . . claim."); Mays v. Citibank, N.A., No. 04-CV-20227, 2005 WL 6111610, *11 n.5 (S.D. Fla. Apr. 1, 2005) (dismissing FCCPA claim "based on actions taken in the bankruptcy proceedings [as] preempted by . . .

Florida's litigation privilege").

The actions complained of in Plaintiff's Complaint all arise out of the judicial proceedings to collect a debt from Plaintiff and are therefore immune from liability under the FDCPA or the FCCPA. All the alleged misconduct by Defendants was related to the judicial proceedings: the filing of a lawsuit, the discussions regarding verification of the debt, and enforcement of the debt through litigation. Therefore, Defendants' actions satisfy the threshold showing required by Myers and its progeny to qualify for litigation immunity.

The letter dated January 13, 2015 is the only conduct alleged by Plaintiff that occurred prior to the filing of the subject lawsuit. Although the letter preceded the filing of the lawsuit, it is nonetheless a protected action because it notified Plaintiff of the intent to initiate judicial proceedings and because written notice was a necessary prerequisite to the filing of the debt collection action. Accordingly, the letter bears "some relation" to the judicial proceedings and is entitled to absolute immunity. See Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So.2d at 384. However, even if it is determined that the letter is not related to the proceedings, any cause of action based on the letter should still be dismissed as to Defendant Aiosa. Plaintiff does not allege that Defendant Aiosa issued or was otherwise involved in the mailing of this letter. Moreover, the letter itself does not name Defendant Aiosa but rather names Defendant Hayt, Hayt, & Landau, P.L.

### Conclusion

The causes of action that Plaintiff alleges against Defendant Aiosa under the FDCPA and the FCCPA all arise out of judicial proceedings to collect a debt. As demonstrated by the above case law, Defendant Aiosa's alleged actions in the scope of those judicial proceedings

are immune from liability under Florida's litigation immunity doctrine.  Accordingly, Defendant Aiosa respectfully requests that all causes of action against him be dismissed.

WHEREFORE, Defendant, EDWARD J. AIOSA, respectfully requests that the Court GRANT its Motion to Dismiss the Complaint and enter an Order dismissing Defendant Aiosa from all counts.

Dated this **12th** day of **September, 2016.**

                                        Respectfully submitted,

                                        /s/ *Ernest H. Kohlmyer*
                                        Ernest H. Kohlmyer, III, LL.M, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **September 12, 2016,** via the Court Clerk's CM/ECF system which will provide notice to the following: Sara F. Holladay-Tobias, Esquire at stobias@mcguirewoods.com and C. H. Houston III at hhouston@mcguirewoods.com of McGuireWoods LLP. I further certify that a copy of the foregoing has been served by U.S. Mail to the following*:* Clark C. Walters, 2370 Clark Cameron Drive, Dunedin, FL 34698 *(Plaintiff pro se).*

> */s/ Ernest H. Kohlmyer, III*
> Ernest H. Kohlmyer, III, LL.M.
> Florida Bar No.: 0110108
> kohlmyer@urbanthier.com
> Rachel M. Ortiz, Esq.
> Florida Bar No.: 0083842
> ortiz@urbanthier.com
> Urban, Thier & Federer, P.A.
> 200 S. Orange Avenue, Suite 2000
> Orlando, FL  32801
> Telephone: (407) 245-8352
> Facsimile: (407) 245-8361
> *Attorneys for Defendant,*
>    *Edward J. Aiosa*