UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARK C. WALTERS,

      Plaintiff,

v.                                  CASE NO. 8:16-cv-1321-T-23AEP

BANK OF AMERICA, N.A., et al.,

      Defendants.

_____/

## **ORDER**

      Clark C. Walters sues (Doc. 1) Bank of America, N.A. (BOA); Hayt, Hayt & Landau, P.L. (Hayt); Jason S. Dragutsky; and Edward J. Aiosa.  Aiosa moves (Doc. 17) and BOA moves (Doc. 11) to dismiss the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure.  Walters alleges violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the federal act), and the Florida Consumer Collections Practices Act, Section 559.55, Florida Statutes (the Florida act).

      Walters complains that the defendants violated 15 U.S.C. § 1692e(2) "by falsely representing the character, amount, or legal status of any debt"; violated 15 U.S.C. § 1692f(1) by pursuing "the collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by

law"; and violated 15 U.S.C. § 1692g(b) by continuing debt collection after receiving

a notice of dispute but before providing written validation of the debt.

Walters alleges that the defendants violated Section 559.72(7), Florida

Statutes, by "wilfully communicat[ing] with the debtor or any member of . . . his

family with such frequency as can reasonably be expected to harass the debtor or . . .

his family, or [by] wilfully engag[ing] in other conduct which can reasonably be

expected to abuse or harass the debtor or any member of . . . his family."  Further,

Walters alleges that the defendants violated Section 559.72(9), Florida Statutes, by

"claim[ing], attempt[ing], or threat[ing] to enforce a debt when such person knows

that the debt is not legitimate, or [by] assert[ing] the existence of some other legal

right when such person knows that the right does not exist."

## DISCUSSION

### 1. The claim against BOA

#### A. Federal act

"Debt collectors" are subject to 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692f(1),

and 15 U.S.C. § 1692g(b).  Section 1692a(6) of the federal act defines a debt collector

as "any person who uses any instrumentality of interstate commerce or the mails in

any business the principal purpose of which is the collection of any debts, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another."

*Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1311 (11th Cir. 2015),

holds that "a bank (or any person or entity) does not qualify as a 'debt collector'

where the bank does not regularly collect or attempt to collect on debts 'owed or due

another' and where 'the collection of any debts' is not 'the principal purpose' of the

bank's business, even where the consumer's debt was in default at the time the bank

acquired it."  BOA is not a debt collector because BOA regularly collects debt owed

to itself, not some other creditor, and because the principal purpose of BOA's

business is not the collection of debt.

**B. Florida act**

**(i) Failure to allege facts to state a claim for relief under Section 559.72(7) and Section 559.72(9), Florida Statutes**

Section 559.72(9) of the Florida act requires Walters to allege facts showing

that BOA knowingly sought the enforcement of an illegitimate debt or attempted to

enforce non-existent legal rights.  However, Walters's claim fails under Section

559.72(9) because BOA sought repayment of a debt attributable to a legitimate

contractual dispute.

Further, Walters fails to allege facts showing that the defendants violated

Section 559.72(7) by communicating with Walters with sufficient frequency to create

a reasonable expectation of harassment.  Finally, Walters fails to show that BOA

willfully engaged in conduct reasonably expected to constitute abuse or harassment.

- 3 -

### (ii) Florida's litigation privilege

Walters's claims focus on BOA's actions during the state court action.
Walters alleges that BOA violated the Florida act by suing Walters and that BOA
acted unlawfully during the pre-trial conference.  Florida's litigation privilege protects
litigants from common law or statutory liability for an act during a judicial
proceeding.

> The litigation privilege applies across the board to actions in Florida,
> both to common-law causes of action, those initiated pursuant to a
> statute, or of some other origin. "Absolute immunity must be afforded
> to any act occurring during the course of a judicial proceeding ... so
> long as the act has some relation to the proceeding.

*Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007).
A complaint under the Florida act against BOA is precluded by Florida's litigation
privilege because the putatively actionable event occurred during a judicial
proceeding to collect a debt.

## 2. The claim against Edward J. Aiosa

Walters sues Aiosa for alleged action on behalf of Hayt, a law firm involved in
debt collection.  (Doc. 17 at 2)

### A. Federal act

Count I of the complaint fails to state a claim.  Walters fails to allege facts
demonstrating that Aiosa falsely represented "the character, amount, or legal status
of any debt"; that Aiosa pursued the collection of money not authorized by an
agreement creating the debt; or that Aiosa continued collection activities after

- 4 -

receiving a notice of dispute and failed to provide written validation of the debt before resuming collection activity.

### B. Florida act

Aiosa is able to avail himself of Florida's litigation privilege under Count II but not Count I of the claim.  The litigation privilege protects Aiosa from a claim under only the Florida Act.  The allegations appear entirely limited to Aiosa's involvement in the state court litigation.  The letter (Doc. 1-1) of January 13, 2015, is the sole conduct allegedly occurring before the state court action.  Walters fails to allege facts tying Aiosa to conduct outside of the state court litigation. Walters does not claim that Aiosa issued, or was involved in, the mailing of the letter; nor does Aiosa's name appear on the letter.[*]  Accordingly, Aiosa's conduct is protected by the litigation privilege.

### CONCLUSION

BOA's motion (Doc. 11) to dismiss is **GRANTED**, and the action against BOA is **DISMISSED**.  Aiosa's motion (Doc. 17) to dismiss is **GRANTED**, and the action against Aiosa is **DISMISSED**.  No later than **NOVEMBER 10, 2016**, Walters may amend the complaint against BOA and Aiosa in accord with this order.  Failure

---

[*] The letter (Doc. 1-1), even if interpreted as a pre-suit notice as Aiosa claims, is not subject to Florida's litigation privilege.  See *Kelly v. Palmer, Reifler & Associates, P.A.*, 681 F. Supp. 2d 1356 (S.D. Fla. 2009); *Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F. Supp. 2d 1356 (M.D. Fla. 2007); *Pledger v. Burnup & Sims, Inc.*, 432 So. 2d 1323 (Fla. 4th DCA 1983).

- 5 -

to timely amend will result in dismissal of the action against Aiosa without further notice.

ORDERED in Tampa, Florida, on October 27, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE