FILED

2016 NOV 10 PM 1:06

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CLARK C. WALTERS
Plaintiff

Case No. 8:16-cv-1321-T-23AEP

-v-

EDWARD J. AIOSA, Individually
Defendant

## PLAINTIFF'S AMMENDED COMPLAINT

1. Plaintiff, Clark C. Walters, individually, hereby sues Defendant Edward J Aiosa for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692.

## PRELIMINARY STATEMENT

2. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 e, Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 e(2), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 f, Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 f(1).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1681p, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.
5. This is an action for damages which exceed $5,000.00.

**PARTIES**

6. Plaintiff, Clark C. Walters, is a natural person and is a resident of the State of Florida.
7. Upon information and belief Defendant, Edward J. Aiosa ("Aiosa") is a natural person and is a resident of the State of Florida.

**FACTUAL ALLIGATIONS**

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay an alleged debt owed or due, or asserted to property, insurance be owed or due a creditor other than Defendant and arises from a transaction in which the money, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff Incurred the obligation, or alleged obligation, owed or due, or asserted to be owed Or due a creditor other than Defendant.
9. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or Regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's violations of the FDCPA Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages and costs and any legal fees.

11. On or about March 22, 2016 the Plaintiff was served with a law suit by Defendant BOA demanding payment from some unknown account. This lawsuit contained no contract no account level documentation and no agreement.

12. On or about April 6th, 2016 the Plaintiff filed a Motion to Dismiss and a Notice of Dispute pursuant USC.§ 1692g(b).

13. Plaintiff has no contractual obligation to pay Bank of America.

14. Defendant BOA failed to attach the alleged member agreement or any evidence that Plaintiff ever had an account with BOA.

15. On April 28th, 2016 the Defendant through mediation and a pretrial conference knowingly violated Federal law by continuing to attempt to collect a disputed debt prior to validation and verification .

16. On April 28th, 2016 Defendant used false representation to collect or attempt to collect a debt.

17. On April 28th, 2016, Defendant asserted a right which it lacks, to wit, the right to enforce a debt.

**COUNT 1**

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

**(FDCPA), 15 U.S.C. §1692 BY Edward J. Aiosa**

18. Plaintiff alleges and incorporates the information in paragraphs 1 through 17 above
19. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (6)
20. Defendants AIOSA is debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).
21. The Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:
    (a) Defendants violated 15 U.S.C. §1692e (2) by falsely representing the character, amount, or legal status of any debt.
    (b) Defendants violated 15 U.S.C. §1692f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
    (c) Defendants continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§2042g(b).
22. The Eleventh Circuit's recent decision in Malkovich re-emphasized its recognition of The FDCPA's protection of consumers from the full sweep of debt collectors' attorneys' false, misleading, or deceptive litigation activities. The FDCPA broadly defines the term "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a (2)

23. In this case the conveying of information was done verbally at the pre- trial conference. Plaintiff explained to Defendant that the debt was not properly validated and asked

Defendant to please validate the debt. Plaintiff even tried to show Defendant the Haddad vs. Alexander case *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, --- F. 3d --- (6th Cir. 2014), 2014 WL 3440174 (6th Cir. Mich. 2014), 2014 U.S. App. LEXIS 13498, the Sixth Circuit expanded the requirement for how a debt collector must respond to a debtor's request for verification of a debt under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (FDCPA), creating the most consumer-friendly verification standard ever.

24. Defendant just waved his hand and said "I don't need any of that'

25. In the Eleventh Circuit, the court or the jury applies the least sophisticated consumer standard to determine whether the routine filing of complaints with a lack of substantive documentation as misleading or deceptive debt collection practice. See LeBlanc v. Unifund CCR Partners, G.P., 601 F.3d 1185, 1193-94 (11th Cir. 2010)

26. Heintz, 514 U.S. at 295-96; Miljkovic, 2015 WL 3956570, at *4-10; see also Stratton v. Portfolio Recovery Assocs., LLC, 770 F.3d 443, 451 (6th Cir. 2014) (holding that a lawyer debt-collector violates the FDCPA by asserting a false representation regarding the character or amount of the debt, under § 1692e(2), even when such false statements are made in a legal complaint filed in court); c.f. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1261-62

27. Heintz, 514 U.S. at 295-96; Miljkovic, 2015 WL 3956570, at *4-10; see also Stratton v. Portfolio Recovery Assocs., LLC, 770 F.3d 443, 451 (6th Cir. 2014) (holding that a lawyer debt-collector violates the FDCPA by asserting a false representation regarding the character or amount of the debt, under § 1692e(2), even when such false statements are made in a legal complaint filed in court); c.f. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1261-62

28 The least sophisticated consumer could view a lawsuit, represented by an attorney, as an Indication that the lawyer had in fact scrutinized the case and determined that it had legal merit. In this way, the Defendant may plausibly violate § 1692e.

29. The FDCPA "does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010) (citing Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2nd Cir. 2010)).But "'[r]reasonableness under the circumstances' is the test to be applied." Battles v. City of Ft. Myers, 127 F.3d 1298, 1300(11th Cir. 1997). And here, the circumstances alleged in the Complaint lead to the plausible inference that the Defendant should have known that the filed Complaint was defective and in violation of the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

(a) Judgment be entered against Defendant pursuant to Fla. Stat. 559.77(2) for an award of statutory damages of $1,000.00; an award of $5,000.00 in actual damages for emotional distress and punitive damages, and for an award of litigation costs and reasonable attorney's fees, for injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiff is entitled;

(b) Judgment be entered against Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); an award of $5,000.00 in actual damages for

emotional distress and punitive damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiff is entitled; and Such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 10th of November, 2016

Clark C. Walters

CLARK C. WALTERS
2370 CLARK CAMERON DR.
DUNEDIN, FL. 34698
727-459-2230

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent via regular U.S. MAIL to the attorney listed below:

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, LL.M.
Florida Bar No.: 0110108
kohlmyer@urbanthier.com
Rachel M. Ortiz, Esq.
Florida Bar No.: 0083842
ortiz@urbanthier.com
Urban, Thier & Federer, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL 32801
Telephone: (407) 245-8352
Facsimile: (407) 245-8361
*Attorneys for Defendant,*
*Edward J. Aiosa*