UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARK C. WALTERS,

Plaintiff,

Case No.: 8:16-cv-1321-T-23AEP

v.

EDWARD J. AIOSA, individually,

Defendants.
______________________________/

**DEFENDANT, EDWARD J. AIOSA'S, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW**

COMES NOW, the Defendant, EDWARD J. AIOSA, by and through his undersigned counsel, hereby files its Motion to Dismiss Plaintiff's Amended Complaint with Memorandum of Law, pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof states as follows:

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). On the contrary, legal conclusions "must be supported by factual allegations." Id. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions

masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**Complaint Allegations**

Plaintiff brings a lawsuit seeking statutory and actual damages under the federal Fair Debt Collection Practices Act ("FDCPA"). The action arises from the post-judgment collection actions allegedly taken by Defendant Edward Aiosa, for the law firm Hayt, Hayt & Landau, P.L.,[1] on behalf of their client, Bank of America, N.A.

The Amended Complaint alleges that Plaintiff was served with a lawsuit filed by Bank of America on March 22, 2016 for "some unknown account" that "contained no contract no account level documentation and no agreement." Plaintiff does not allege that Defendant Aiosa filed this lawsuit. Plaintiff asserts that he has no contractual obligation to pay Bank of America. Accordingly, he alleges that on April 6, 2016, he filed a Motion to Dismiss and a Notice of Dispute pursuant to 15 U.S.C. § 1692g(b).

The factual allegations that Plaintiff relies on to support the alleged violations by Defendant Aiosa all occurred on April 28, 2016 at the pretrial conference and court-mandated mediation in the underlying lawsuit. Specifically, Plaintiff alleges that Defendant Aiosa "through mediation and a pretrial conference knowingly violated Federal law by continuing to attempt to collect a disputed debt prior to validation and verification," "used

[1] Hayt, Hayt & Landau, P.L., Bank of America, and Defendant Aiosa were previously dismissed from this action by order of the Court **[DE 22 & 23]**. Only Defendant Aiosa has been named in the Amended Complaint.

false representation to collect or attempt to collect a debt," and "assert right which it lacks, to wit, the right to enforce a debt." In regard to the "false representation," he asserts that Defendant Aiosa improperly stated, "I don't need any of that," when Plaintiff attempted to provide him with case law at the pretrial conference. Based on the foregoing, Plaintiff asserts that Defendant Aiosa violated section 1692e(2), 1692(f)(1), and 1692g(b).[2]

## MEMORANDUM OF LAW

### I. THE AMENDED COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM UNDER THE FDCPA

The Amended Complaint should be dismissed because it lacks sufficient factual allegations to support any of the alleged violations of the FDCPA. First, Plaintiff's claim under section 1692e fails because Defendant Aiosa's statement at the pretrial conference was not a "false representation" and, in any event, did not concern the status of the debt or an attempt to collect the debt. Similarly, the filing of the lawsuit cannot be deemed a "false, deceptive, or misleading representation or means" because Plaintiff has failed to establish that it was meritless or that Defendant Aiosa filed it. Second, Plaintiff's claim under section 1692f(1) fails because it is inextricably intertwined to the state court judgment and therefore cannot be reviewed under the Rooker-Feldman doctrine. There are also no facts pled to support Plaintiff's legal conclusion that he had no contractual obligation to pay the debt. Third, Plaintiff's claim under section 1692g fails because the filing of the Complaint did not trigger a right to notice and validation under 1692g(b).

[2] Although paragraph 21(c) of the Amended Complaint cites 15 U.S.C. § 2042g(b), there is no such statute. Accordingly, Defendant has assumed for the purposes of this Motion that Plaintiff is proceeding under 15 U.S.C. § 1692g(b).

**A. Plaintiff has not stated a plausible claim for relief under 1692e(2) regarding a false representation of the character, amount, or legal status of the debt**

The factual allegations pled to support Plaintiff's claim for a violation of section 1692e(2) fail to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Section 1692e(2) prohibits a debt collector from making a "false representation of . . . the character, amount, or legal status of the debt." A liberal reading of the Amended Complaint suggests that Plaintiff may also be invoking section 1692e, which more broadly prohibits "the use of any false, deceptive, or misleading representation or means in connection with the collection of a debt." Plaintiff has made two factual allegations to support this alleged violation. First, he states that Defendant Aiosa replied "I don't need any of that," when Plaintiff presented him with case law at the mandatory pretrial conference. **[DE 24 at ¶ 23-24]**. Second, he states that an attorney's filing of a complaint without substantive documentation indicates that the lawyer believed the case had merit and can be viewed as a misleading or deceptive debt collection practice. **[DE 24 at ¶ 25, 28]**. Neither factual allegation presents circumstances that could plausibly entitle Plaintiff to relief under section 1692e.

Plaintiff has failed to explain how Defendant Aiosa's response "I don't need any of that," when offered case law at the pretrial conference, can constitute a violation of 1692e or 1692e(2). This is because there are no facts that could convert this statement into a violation of either provision. The determination that a review of case law is not necessary for a pretrial conference is not "false, deceptive, or misleading" under section 1692e. Similarly, it does not violate section 1692e(2) because it cannot be deemed a "false representation" and does

not concern the "character, amount, or legal status of the debt." Rather, the statement constitutes an exercise of Defendant Aiosa's professional judgment regarding the relevance of case law to his limited appearance at a pretrial conference. This statement stands in stark contrast to the violations listed in other subsections of 1692e, such as threat of arrest or imprisonment. To the extent Plaintiff relies on this statement to allege a violation of 1692e or 1692e(2), he fails to state a plausible claim for relief.

Plaintiff also alleges that Defendant Aiosa violated 1692e by filing a Complaint that lacks merit or substantive documentation but fails to affirmatively allege that Defendant Aiosa had any role in filing the Complaint. Indeed, Plaintiff is unable to make this essential allegation because Defendant Aiosa did not draft, sign, or file the Complaint. Therefore, Plaintiff cannot rely on the filing of the lawsuit as a basis for alleging that Defendant Aiosa violated any provision of 1692e. Even if Plaintiff could attribute the lawsuit to Defendant Aiosa, he still fails to state a plausible claim for relief because the Amended Complaint lacks any factual allegations to support Plaintiff's contention that the suit was meritless. Plaintiff does not allege that the action was dismissed or that he otherwise prevailed in the underlying lawsuit. For the foregoing reasons, the Court should disregard Plaintiff's allegation regarding the filing of a meritless lawsuit when determining whether he has stated a claim for relief under section 1692e that is plausible on its face.

**B. Plaintiff has not stated a plausible claim for relief under 1692f(1) regarding collection of an amount not expressly authorized by the agreement giving rise to the debt**

Plaintiff's claim under 1692f(1) must be dismissed because it constitutes an improper attempt to review or re-litigate the debt collection litigation underlying this lawsuit. The

Amended Complaint acknowledges that the debt at issue was the subject of a state court enforcement proceeding but nonetheless attempts to challenge the validity of that debt in this separate, subsequent litigation. Plaintiff's claim that he has no contractual obligation to pay the debt is inextricably intertwined with the enforcement proceeding that has been fully litigated in state court. Accordingly, this Court lacks subject matter jurisdiction to review Plaintiff's claim that he is not contractually obligated to pay the debt sued for in state court. Collins v. Erin Capital Mgmt., LLC, 991 F. Supp. 2d 1195, 1203 (S.D. Fla. Oct. 28, 2013) (explaining application of Rooker-Feldman doctrine to FDCPA actions seeking to re-litigate state court judgments).

"A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment or it 'succeeds only to the extent that the state court wrongly decided the issues.'" Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. Feb. 17, 2009) (quoting Goodman v. Sipos, 259 F.3d 1327 (11th Cir. 2001)). Plaintiff has pled no facts to suggest that he prevailed in the state court action on any portion of the debt claimed by Bank of America. Rather, he merely asserts that he was sued to recover a debt that he had no contractual obligation to pay. By challenging the validity of the instrument giving rise to the debt, Plaintiff is necessarily challenging the state court judgment awarded in the amount of that debt. Although he does not expressly ask the Court to overturn the state court judgment, he questions the very basis of that ruling. In other words, his claim under section 1692f(1) succeeds only to the extent that the state court wrongly interpreted his obligations under the contract. Moreover, he seeks actual damages in an amount nearly identical to the state court judgment. The Rooker-Feldman doctrine strips this Court of jurisdiction over Plaintiff's

section 1692f(1) claim because (1) the state court rendered judgment before these proceedings commenced, and (2) Plaintiff is a "state-court loser" whose claim is "inextricably intertwined" with the state court judgment. For this reason, Plaintiff's claim under section 1692f(1) should be dismissed.

Even if it is determined that the Rooker-Feldman doctrine does not bar subject-matter jurisdiction of this claim, Plaintiff has failed to allege sufficient facts to support his allegation that Defendant Aiosa asserted a right to enforce a debt not expressly authorized by the underlying agreement. He has merely asserted that he has no contractual obligation to pay Bank of America. This statement is a legal conclusion that is not entitled to an assumption of truth upon consideration of this Motion. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Without supporting factual allegations, Plaintiff has failed to state a plausible claim for relief under 1692f(1).

**C. Plaintiff has not stated a plausible claim for relief under 1692g regarding continued collection activity without providing verification of the debt**

Section 1692g does not accord relief to Plaintiff based on Defendant Aiosa's appearance at a mandatory pretrial conference following Plaintiff's filing of a Notice of Dispute in the court records. Under section 1692g, a debt collector must issue the debtor a written notice of validation rights within five days of any initial communication with the debtor. If the debtor disputes the debt in writing within thirty days of receiving the notice, then the debt collector must cease collection efforts until it obtains verification and mails a copy to the debtor. Plaintiff misapplies the statute by attempting to hold Defendant Aiosa liable for appearing at a mandatory pretrial conference after Plaintiff filed a Notice of Dispute in response to the complaint.

By the plain language of the statute, a complaint or other formal pleading does not constitute an "initial communication" requiring issuance of a validation notice under section 1692g. § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."). It is the issuance of this notice that triggers a debtor's validation rights under section 1692g(b). See McKnight v. Benitez, 176 F. Supp. 2d 1301, 1306 (M.D. Fla. Dec. 17, 2001) (citing commentary by Federal Trade Commission noting that the institution of formal legal proceedings against a debtor does not confer notice-and-validation rights on the consumer); cited with approval Vega v. McKay, 351 F.3d 1334, 1337 (11th Cir. Dec. 2, 2003).

Plaintiff has not pled that the Notice of Dispute was in response to a section 1692g notice or that it was made within the thirty-day period. Rather, it appears that Plaintiff filed the Notice of Dispute in response to the Complaint. Therefore, Defendant Aiosa was under no obligation to cease its efforts to collect the debt through the lawsuit[3] and, accordingly, his appearance at the pretrial conference did not violate section 1692g(b).[4]

---

[3] By making this argument, Defendant Aiosa does not concede that he is a "debt collector" under the FDCPA or that his appearance at the pretrial conference constituted collection activity within the meaning of section 1692g(b).

[4] Defendant asks the Court to consider Exhibits A and B to the original Complaint **[Doc 1]**, which conclusively demonstrate that a 1692g notice was issued more than thirty days before Plaintiff filed his Notice of Dispute. Although these exhibits are not attached to the Amended Complaint, Defendant suggests that they may still be considered to the extent that the Amended Complaint does not expressly disavow or reject the contents of the original complaint or its exhibits and proceeds under the same theory of liability. See Hoefling (explaining Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210 (11th Cir. 2006), and its progeny as precluding a court from considering, on a motion to dismiss, "exhibits attached to an earlier complaint that a plaintiff has expressly disavowed or rejected as untrue in a subsequent amended complaint") (emphasis added). But see id. at 1277 (noting that the filing of a second amended complaint rendered the first complaint and its exhibits a "legal nullity").

Alternatively, Defendant suggests that section 1692g(b) does not require a debt collector to cease all activity in a pending lawsuit upon receipt of a notice of dispute. Such a reading of the statute could render absurd results by requiring the debt collector to ignore filing deadlines or, as here, fail to attend a mandatory pretrial conference and thereby risk dismissal of the lawsuit. In ruling that attorneys could be considered "debt collectors" under the FDCPA, the United States Supreme Court noted that the statute aimed to preserve a creditor's judicial remedies and cautioned against interpreting the FDCPA in a manner that would allow a consumer to "cause an ordinary debt-collecting lawsuit to grind to a halt." Heintz v. Jenkins, 514 U.S. 291, 296 (Apr. 18, 1995). For this reason, appearance at a mandatory pretrial conference should not be considered "collection activity" within the scope of section 1692g(b).

## II. DEFENDANT IS NOT A "DEBT COLLECTOR" BECAUSE HE DOES NOT "REGULARLY COLLECT OR ATTEMPT TO COLLECT . . . DEBTS OWED OR DUE . . . ANOTHER," AS DEFINED UNDER SECTION 1692a(6)

The FDCPA regulates the conduct of debt collectors. Section 1692a(6) defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (Emphasis added). Plaintiff has alleged that Defendant Aiosa is a "debt collector" within the meaning of the FDCPA but fails to cite any factual allegations to support this legal conclusion.

The Amended Complaint does not allege facts supporting the allegation that Defendant Aiosa used any instrumentality of interstate commerce or mail. Moreover,

Plaintiff has not alleged that Defendant Aiosa operates a business with the principal purpose of collecting debts.

The Amended Complaint also fails to plead any facts to support the assertion that Defendant Aiosa regularly collects or attempts to collect debts owed or due another. As alleged in the Complaint, Defendant Aiosa is an attorney whose sole involvement in the litigation underlying this action was to attend the mandatory pretrial conference on April 28, 2016. Plaintiff has not alleged that Defendant Aiosa regularly files lawsuits to collect debts owed to third-parties or that he even filed the lawsuit underlying this action. Indeed, Defendant Aiosa is not employed by Hayt, Hayt & Landau, P.L., which filed the underlying lawsuit, but rather was hired for a limited appearance on their behalf at the pretrial conference. This is evidenced by the Amended Complaint, which limits its factual allegations regarding Defendant Aiosa's involvement in the underlying lawsuit to the pretrial conference and court-mandated mediation on April 28, 2016. Cf. Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1218 (11th Cir. May 1, 2012) (finding that the complaint sufficiently pled the defendant's debt collector status by alleging that the defendant had sent a certain number of section 1692g validation notices in the past year).

Plaintiff has failed to plead sufficient facts to render the allegation that Defendant is a debt collector plausible on its face and more than a mere legal conclusion. For this reason, Defendant Aiosa requests that the Court dismiss the Amended Complaint in its entirety.

**Conclusion**

The Amended Complaint should be dismissed because it fails to plead sufficient factual allegations to support the allegation that Defendant is a debt collector under the

FDCPA and because the factual allegations pled to support the alleged violations of the FDCPA do not present a plausible claim for relief.

WHEREFORE, Defendant, EDWARD J. AIOSA, respectfully requests that the Court GRANT its Motion and enter an Order dismissing the Amended Complaint in its entirety.

Dated this 23rd day of November, 2016.

Respectfully submitted,

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **November 23, 2016,** via the Court Clerk's CM/ECF system. I further certify that a copy of the foregoing has been served by U.S. Mail to the following*:* Clark C. Walters, 2370 Clark Cameron Drive, Dunedin, FL 34698 *(Plaintiff pro se)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 0110108
kohlmyer@urbanthier.com
Rachel M. Ortiz, Esq.
Florida Bar No.: 0083842
ortiz@urbanthier.com
Urban, Thier & Federer, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL 32801
Telephone: (407) 245-8352
Facsimile: (407) 245-8361
*Attorneys for Defendant, Edward J. Aiosa*